FILED Rec'd D/F
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y. 10/25/12
★ OCT 24 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

JAMES JOHNSON,

                Petitioner,

   -against-

WILLIAM LEE,

                Respondent.

------------------------------------------------------------------ X

10-cv-4852 (ARR)

NOT FOR PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

On August 12, 2010, pro se petitioner James Johnson ("petitioner") filed a petition for a writ of habeas corpus, challenging his conviction for Murder in the Second Degree, N.Y. Penal Law § 125.25. In an order issued on June 17, 2011, this court dismissed the petition as untimely under the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") one year statute of limitations, 28 U.S.C. § 2244(d)(1). Order Denying Petition, Dkt. # 6. The Court of Appeals vacated the order because respondent had erroneously submitted the state court record from another case. Johnson v. Lee, No. 11-2871-pr (2d Cir. Nov. 30, 2011) (order granting motion for certificate of appealability, vacating judgment, and remanding to district court). The Second Circuit remanded to this court to determine the following:

> (1) the date on which Appellant filed his New York Criminal Procedure Law § 440.10 motion ("§ 440.10 motion"); (2) the date on which the Appellate Division denied leave to appeal the trial court's denial of that motion; and (3) the date on which Appellant gave his 28 U.S.C. § 2254 petition ("§ 2254 petition") to prison officials to mail.

Id. Respondent subsequently re-filed his answer with exhibits representing the complete – and

1

correct – state court record. Response to Order to Show Cause, Dkt. # 18, 19. For the reasons stated below, this court finds the petition still to be untimely under 28 U.S.C. § 2244(d)(1), and therefore denies the petition.

I. *Trial and Direct Appeal*

Petitioner was convicted of Murder in the Second Degree in the Supreme Court of Kings County and judgment was rendered on February 15, 2006. People v. Johnson, 853 N.Y.S.2d 606, 607 (N.Y. App. Div. 2008). The Appellate Division for the Second Department affirmed his conviction on March 11, 2008. Id. On May, 21, 2008, the Court of Appeals for the State of New York, Robert S. Smith, J., found there to be no question of law presented requiring review and denied petitioner leave to appeal. People v. Johnson, 890 N.E. 2d 254, 254 (N.Y. 2008), Dkt. #19-2, Ex. E (certificate denying leave). Petitioner did not file a petition for certiorari to the United States Supreme Court, Dkt. #1, at 3, and his conviction became final on August 19, 2008. The one year statute of limitations began to run the next day. See Fed. R. Civ. P. 6(a)(1)(A).

II. *State Postconviction Proceedings*

The one year statute of limitations for filing a federal habeas corpus petition imposed by AEDPA is tolled while a state postconviction petition is pending. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Petitioner filed a motion to vacate his conviction, pursuant to N.Y. Crim. Proc. L. § 440.10, which was signed and notarized on August 12, 2009, 358 days after the conviction became final. Dkt. #1, at 3; Dkt. # 19-3, Ex. F; see Knickerbocker v. Artuz, 271 F.3d 35, 37 (2d Cir. 2001) ("[A] pro se prisoner's notice of appeal is deemed filed on the

2

date the prisoner 'deliver[s] it to the prison authorities for forwarding to the court clerk . . . .'") (quoting Houston v. Lack, 487 U.S. 266, 276 (1988) (second alteration in Knickerbocker)). Therefore, petitioner's federal habeas corpus deadline was tolled with seven days remaining on the one year period permitted by AEDPA.

Petitioner's state postconviction petition remained pending until July 28, 2010. That day, the Appellate Division denied his application, pursuant to N.Y. Crim. Proc. L. §§ 450.15 and 460.15, for a certificate granting leave to appeal the Supreme Court's denial of his motion to vacate. Dkt. # 19-3, Ex. J. In New York, no appeal lies to the Court of Appeals from an order denying a motion for leave to appeal to the Appellate Division. Klein v. Harris, 667 F.2d 274, 283-84 (2d Cir. 1981) (citing People v. Williams, 342 N.Y.S.2d 75, 76 (N.Y. App. Div. 1973)); Desrosiers v. Phillips, No. CV-05-2941(CBA)(JMA), 2006 WL 2092481, at *9 (E.D.N.Y. July 27, 2006). Accordingly, once the Appellate Division denied leave to appeal, petitioner's state postconviction petition was no longer pending, and therefore the clock on his federal habeas petition began to run again. See Bennett v. Artuz, 199 F.3d 116, 120 (2d Cir. 1999) ("[A] state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under a particular state's procedures.") (emphasis added).

III. *Federal Habeas Petition*

With seven days remaining on the one year statute of limitations, petitioner's deadline to file his federal habeas petition was August 4, 2010. Petitioner placed his petition in the prison mailing system on August 12, 2012, eight days after the deadline. Dkt. #1, at 14. Accordingly, the petition was untimely. Petitioner states that he received notice that leave to appeal the dismissal of his motion to vacate had been denied by the Appellate Division "on or about

8/3/2010." Dkt. #1, at 13. Therefore, petitioner may not have received notice until the eve of the deadline. Nevertheless, the Second Circuit has held that, for purposes of AEDPA, the state postconviction motion ceases to be "pending" when the state court's final order is <u>filed</u>, not when the petitioner receives notice. <u>Saunders v. Senkowski</u>, 587 F.3d 543, 549 (2d Cir. 2009); <u>Geraci v. Senkowski</u>, 211 F.3d 6, 9 (2d Cir. 2000) ("With the filing of the Appellate Division's . . . order, the door of the New York Court of Appeals was closed and further appellate review was unavailable."), <u>superseded on other grounds</u>, N.Y. Crim. Proc. L. § 450.90; <u>cf. Diaz v. Kelly</u>, 515 F.3d 149, 155 (2d Cir. 2008) ("Although we have ruled that the statutorily tolled period in which state court proceedings are 'pending' does not include a brief interval between the entry of a state court order and its receipt a few days later after prompt mailing, . . . prolonged delay by a state court in sending notice of a ruling that completes exhaustion of state court remedies can toll the AEDPA limitations period.") (internal citations omitted). Even if petitioner were entitled to equitable tolling, which is foreclosed under the law of this circuit, petitioner still filed his petition more than seven days after he received the Appellate Division's order. Accordingly, petitioner's federal habeas corpus petition was filed beyond the one year statute of limitations imposed by AEDPA and this court is precluded from granting the writ.

## CONCLUSION

For the foregoing reasons, petitioner's federal habeas corpus petition is untimely under 28 U.S.C. § 2244(d)(1). Consequently, the petition is denied. Because petitioner has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the court declines to issue a certificate of appealability. In addition, this court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. <u>Coppedge v. United</u>

States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

Allyne R. Ross<br>
United States District Judge

Dated:    October 24, 2012
              Brooklyn, New York